IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

AMY M. PATTON                                                                                          PLAINTIFF

v.                                              CIVIL NO. 19-cv-05162

ANDREW SAUL, Commissioner                                                          DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Amy M. Patton, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her application for DIB on January 19, 2017. (Tr. 10). In her application, Plaintiff alleged disability beginning on September 11, 2015, due to rheumatoid arthritis, esophageal spasms, anxiety, depression, kidney stones, high cholesterol, hormone imbalance, lower back pain, foot pain, and hand pain. (Tr. 10, 179). An administrative hearing was held on September 27, 2018, at which Plaintiff appeared with counsel and testified. (Tr. 10, 29-55).

On October 30, 2018, the ALJ issued an unfavorable decision. (Tr. 7). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: rheumatoid arthritis, obesity, fibromyalgia, and hyperlipidemia. (Tr. 12-15). However, after reviewing all of the evidence presented, the ALJ determined that

1

Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 15). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a), except she could only occasionally climb, balance, crawl, kneel, stoop, and crouch; and could frequently handle, finger, and reach bilaterally. (Tr. 15-22).

With the help of a vocational expert, the ALJ found Plaintiff would be able to perform her past relevant work as a graphics specialist as normally performed. (Tr. 22). Alternatively, the ALJ found Plaintiff could perform the representative occupations of charge account clerk, addressing clerk or compact assembler. Id. The ALJ found Plaintiff was not disabled from September 11, 2015, through the date of his decision. (*Id.*).

Subsequently, Plaintiff filed this action. (Doc. 2). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th

Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff's brings the following points on appeal: 1) whether the ALJ erred by failing to consider her impairments in combination; 2) whether the ALJ erred in his analysis and credibility findings regarding her subjective complaints of pain; 3) whether the ALJ erred by finding Plaintiff could perform her past relevant work as a graphics specialist; and 4) whether the ALJ erred by finding Plaintiff had the RFC to perform a limited range of sedentary work. (Doc. 14). The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 12th day of June 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE